UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Jose A. Sanchez</u>

    v.                                  Civil No. 07-cv-198-SM

<u>Larry Blaisdell, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>

**<u>O R D E R</u>**

Before the Court is Jose Sanchez's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. <u>See</u> Rule 4 of the Rules Governing § 2254 proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid). As discussed herein, I find that the petition is facially valid and I order that it be answered by respondent.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. <u>See</u> United States District Court for the District of New Hampshire Local Rule 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however

inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On January 11, 2006, Jose Sanchez entered a guilty plea in the New Hampshire Superior Court to selling more than five ounces of cocaine while having a prior conviction for violating the Massachusetts controlled substances act.[1]  Prior to his plea,

---

[1] For some reason, Sanchez's narrative sets the plea and the events preceding the plea in 1998 and 1999.  The court documents

neither he nor his attorney entered into any agreed upon disposition or sentence with the prosecution.  Sanchez claims that he was induced to enter this plea by his attorney, who told him that he had no defense at trial, and that he could receive a maximum sentence of life for the offense, a result that was more likely to occur after a trial than after a guilty plea.  At the plea and sentencing hearing, the judge sentenced Sanchez to fifteen to thirty years in the New Hampshire State Prison.  Sanchez's attorney took no direct appeal of the sentence to the New Hampshire Supreme Court.

  Sanchez filed a petition for a writ of habeas corpus in the Coos County Superior Court, making several constitutional challenges to his conviction and sentence.  His petition was dismissed on April 7, 2007.  On May 2, 2007, Sanchez filed a timely notice of appeal in the New Hampshire Supreme Court, which was declined on June 7, 2007.  Sanchez now brings the instant petition, raising the following claims, each of which was presented to the New Hampshire Supreme Court in the May 2, 2007 notice of appeal:

---

submitted with his petition, however, indicate that the plea actually occurred in 2006.  I will consider the court documents as presenting the correct dates in this matter for purposes of preliminary review.

1.  Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to investigate the criminal matter and a possible entrapment defense;

2.  Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to confer with petitioner, or receive approval from petitioner, when he had the criminal matter removed from the trial docket and scheduled for a guilty plea;

3.  Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to object to the sentence imposed by the Superior Court, or appeal that sentence;

4.  Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to advise petitioner that he would receive an enhancement for a prior conviction, when petitioner believes that he had no prior conviction that would enhance his sentence;

5.  Petitioner was denied his Sixth Amendment right to a jury trial prior to receiving a severe prison sentence;

6.  Petitioner was denied his Fourteenth Amendment right to due process when his case was taken off of the trial docket and scheduled for a guilty plea before petitioner had been fully apprised of his rights and the ramifications of waiving his trial rights.

## Discussion

To be eligible for habeas relief, Sanchez must show that he is both in custody and has exhausted all State court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes.

See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle).  A petitioner's remedies in New Hampshire are exhausted when the petitioner's federal claims have been presented to the State's highest court "fairly and recognizably," so that the State courts have an opportunity to rule on the claims.  Clements v. Maloney, No. 05-2411, 2007 WL 1241253, at *3 (1st Cir. Apr. 30, 2007); see Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

 As to the first requirement, petitioner is in custody, as he is serving a State prison sentence pursuant to the conviction in question in this case.  Regarding the second requirement, Sanchez has submitted, with his petition, the notice of appeal he filed

in the New Hampshire Supreme Court, appealing the dismissal of his habeas petition in the State Superior Court.  My review of these documents indicates that Sanchez presented each of the claims raised here, including the federal nature of those claims, to the New Hampshire Supreme Court for review.  I find, therefore, that the claims presented here have been properly exhausted in the State courts, and that the petitioner's federal habeas action may therefore proceed.

## Conclusion

I direct that Sanchez's petition be served on the Respondent.  See § 2254 Rule 4.  The Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 9, 2007

cc:      Jose A. Sanchez, pro se